THADDEUS A. BORZ, RESPONDENT, v. CITY OF CAMDEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT.

Argued May 19, 1937—Decided September 22, 1937.

For the appellant, *Firmin Michel* and *Edward V. Martino*.

For the respondent, *S. Rusling Leap* and *William R. Smith*.

The opinion of the court was delivered by

LLOYD, J. The plaintiff below brought an action against the city of Camden to recover what was alleged to be due him for unpaid salary for the years 1935 and 1936 as deputy city clerk, aggregating $612.54.

Plaintiff qualified as deputy city clerk on May 29th, 1935, served until May 29th, 1936, and performed the duties of his office. The salary of the office as provided by ordinance was $3,000 per annum. On March 28th, 1935, an ordinance was adopted reducing all salaries of municipal employes by fifteen per cent., effective for that year. The plaintiff, however, received payment based on a supposed salary of $2,500 with the fifteen per cent. deduction for the portion of the year 1935 during which he held the office. This left due him an unpaid balance of $612.54 unless the defenses hereinafter mentioned were successfully interposed. The amount is not in dispute.

On the proofs as they stood the court directed a verdict for the plaintiff in that amount. The defenses asserted in the court below were that the plaintiff had waived all payments beyond those received and that such waiver constituted estoppel, barring his recovery. The same contention is made here.

We agree with the court below. Appellant relies upon the case of *Love* v. *Jersey City,* 40 *N. J. L.* 456. We think the case is controlled by *Muhlenbeck* v. *West Hoboken,* 99 *Id.* 198. In the Love case legislative action had been taken by the city fixing the salary of the plaintiff, collector of revenue, at $3,000, and plaintiff received his salary at the reduced rate without protest and it was held that such action was an implied acceptance of the salary as so fixed. Here, as in the Muhlenbeck case, no official action was taken reducing the original salary of the plaintiff as fixed by ordinance. For the year 1935, a reduction by fifteen per cent. was made by resolution of the governing body, and for the proportion of that year which the plaintiff served he accepted the discount and is not here contending for the unpaid amount by reason thereof. For the year 1936 no action was taken by the city intended to effect a discount in the salaries paid and for all that appears there was an arbitrary and unauthorized withholding by the fiscal officer of the city of the balance of the salary due to the plaintiff.

It further appears that the plaintiff on several occasions entered his protest against the failure to pay the full portion of his salary at $3,000 a year as it accrued.

It being conceded by the appellant that the amount, as directed by the judge to the jury to find, is due the plaintiff unless he is estopped, our conclusion is that the evidence was not sufficient to establish a waiver and estoppel, and the judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 10.

*For reversal*—CASE, BODINE, DONGES, HEHER, PERSKIE, JJ. 5.